654 F.2d 513
 16 ERC 1919, 11 Envtl. L. Rep. 20,991
 Lewis Earl MILLER; Don Scoggins and The Wilder Cemetery
Association, Appellants,
v.
UNITED STATES and Colonel Dale K. Randels, District
Engineer, Little Rock District, Corps of
Engineers, Appellees.
 No. 80-1660.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 6, 1981.
Decided July 22, 1981.
 
 H. Clay Robinson (argued), Pryor, Robinson, Taylor & Barry, Fort Smith, Ark., Edward Allen Gordon, Gordon & Gordon, Morrilton, Ark., for appellants.
 James W. Moorman, Asst. Atty. Gen., Washington, D. C., George Proctor, U. S. Atty., Little Rock, Ark., Markham Lester, Asst. U. S. Atty., Little Rock, Ark., Kathryn A. Oberly, Robert B. Schaefer (argued), Attys., Dept. of Justice, Washington, D. C., for appellees; R. E. Rogers, Jr., Acting Dist. Counsel, Corps of Engineers, Little Rock, Ark., Calon Blackburn, Jr., Asst. Dist. Counsel, Corps of Engineers, Little Rock, Ark., of counsel.
 Before HEANEY, HENLEY and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellants, Lewis Earl Miller, Don Scoggins and The Wilder Cemetery Association, filed a complaint requesting that appellees, United States of America and Colonel Dale K. Randels (District Engineer, Army Corps of Engineers), be enjoined from proceeding with construction of a dam on Cypress Creek in Conway County, Arkansas. Appellants' complaint was based on an allegedly inadequate Environmental Impact Statement (EIS) filed by the Army Corps of Engineers pursuant to the National Environmental Policy Act of 1969 § 102, 42 U.S.C. § 4332. The district court,[1] in a concise and well-reasoned opinion, denied appellants' requested relief. Miller v. United States, 492 F.Supp. 956 (E.D.Ark.1980). We affirm.
 
 
 2
 Construction of the McClellan-Kerr Arkansas River Navigation System raised the Arkansas River water level and resulted in contamination of the Conway, Arkansas municipal water supply. In response, Congress passed legislation providing for
 
 
 3
 alteration at Federal expense of the municipal water supply facilities of the city of Conway, Arkansas, by the construction of water supply impoundment facilities at a location outside the flat flood plain of Cadron Creek, together with interconnecting pipeline and other appurtenant work, so that the water supply capacity of the resultant municipal facilities is approximately equivalent to that existing prior to construction of the navigation system.
 
 
 4
 Water Resources Development Act of 1974, Pub.L.No.93-251, § 10, 88 Stat. 12 (1974) (emphasis added). The Army Corps of Engineers conducted an exhaustive comparative study of five potential impoundment sites to determine which was most suitable for providing Conway a municipal water supply. After public comment, the Corps selected the Cypress Creek site. Among the sites rejected was Point Remove Creek, also located in Conway County, Arkansas.
 
 
 5
 The EIS which appellants find inadequate includes the comparative study and the Corps' reasons for selecting the Cypress Creek site. Specifically, appellants contend the Corps failed to discuss, as an alternative to constructing a municipal water supply facility, construction of a regional water supply facility at Point Remove Creek.
 
 
 6
 In preparing an EIS, an agency only need consider reasonable alternatives to the proposed action. Iowa Citizens For Environmental Quality, Inc. v. Volpe, 487 F.2d 849, 853 (8th Cir. 1973); 40 C.F.R. § 1502.14(a), (c) (1980). Consideration of remote and speculative possibilities is not required. Farmland Preservation Association v. Goldschmidt, 611 F.2d 233, 240 (8th Cir. 1979). What is reasonable will, of course, vary with the circumstances. Piedmont Heights Civic Club v. Moreland, 637 F.2d 430, 436 (5th Cir. 1981).
 
 
 7
 The scope of the present project and the nature of the congressional authorization convince us that a regional water supply facility at Point Remove Creek is not a reasonable alternative to the Cypress Creek municipal facility. See Farmland Preservation Association v. Goldschmidt, 611 F.2d at 239; Natural Resources Defense Council, Inc. v. Morton, 458 F.2d 827, 834-35 (D.C.Cir.1972); Atchison, Topeka & Santa Fe Railway Co. v. Alexander, 480 F.Supp. 980, 995-98 (D.D.C.1979). We deal here with a single dam to be built for a specific and narrow purpose.[2] Undoubtedly anticipating the government's potential legal obligation, Congress elected to compensate the city of Conway by authorizing construction of a substitute municipal water supply facility. Consideration of a regional water supply facility goes well beyond this. As noted by the district court, "The statement need not develop an alternative which is essentially an entirely different project," Miller v. United States, 492 F.Supp. at 963.
 
 
 8
 Finally, we note that funds sufficient to construct a regional facility had not been committed. Appellants' references to additional funding sources were general and vague, simply underscoring the remote and speculative nature of such a project.
 
 
 9
 After careful consideration of the parties' briefs and record before us, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge, Eastern District of Arkansas
 
 
 [2]
 At oral argument counsel advised that a very substantial portion of the construction work had been performed